**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| **CHONG DA WU,** ) | |
| ) | Case No. _____ |
| Petitioner, ) | |
| ) | **PETITION FOR WRIT OF** |
| v. ) | **HABEAS CORPUS** |
| ) | |
| **WARDEN**, Florida Baker Corrections Institute; ) | |
| **Garrett J. Ripa,** Miami Field Office Director ) | |
| U.S. Immigration and Customs Enforcement; ) | Alien # 200-130-024 |
| **KRISTI NOEM,** Secretary of the U.S. Department ) | |
| of Homeland Security; and **PAMELA J. BONDI,** ) | |
| Attorney General of the United States, ) | |
| in their official capacities, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

**INTRODUCTION**

1.      Chong Da Wu is a citizen and National of the People's Republic of China who has been present in Puerto Rico since 2006.  On July 6, 2006, Respondent was PAROLED into the United States as person of Significant Public Benefit"". On November 15, 2027, Mr. Wu was detained by DHS under a material witness complaint Civil No 07-656(MEL), as a witness in relation to an alien smuggling case against the people that brought him into the United States illegally.

2.      On September 16, 2008, the Puerto Rico District Court issued a judgment in Civil No #07-656 (MEL) and dismissed the material witness complaints against Mr. Wu.

3.      On October 10, 2008, Mr. Wu transferred from US Marshall custody into the custody of DHS. On the same day Mr. Wu was processed pursuant to Section 235 of the Immigration and Nationality Act (INA), 8 U.S.C. §1225, Expediated Removal of Inadmissible Arriving Aliens and

1

4.      After six (6) months of detention on April 23, 2009, Mr. Wu filed a Writ of Habeas Corpus in the district of Puerto Rico Civil No. 09-1376(FAB). The case was transferred to the Federal Southern District of Florida since Mr. Wu was transferred from Puerto Rico to the South of Florida. On June 26, 2009, the court entered an order to show cause why the petition should not be granted.

5.      On July 13, 2009, U.S. Immigration and Customs Enforcement ("ICE") released Petitioner from detention and provided him with an Order of Supervision ("OSUP"), and the district court dismissed the habeas corpus.

5.      From July 13, 2009, until June 9, 2025, the Petitioner complied with all the requirements of his OSUP, including reporting into his ICE ERO officer.

6.      On June 9, 2025, Petitioner was ordered to appear at ICE's Office, and he was detained by ICE officers and placed into a local immigration detention facility. On the same date Mr. Wu filed a Stay of Removal (Form I-246) that has not been adjudicated as up the filing of this habeas petition.

## JURISDICTION

7.      This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*.

8.      This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

9.      This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq*., the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the All-Writs Act, 28 U.S.C. § 1651.

2

## VENUE

10.    Venue is proper because Petitioner is detained at an immigration detention facility in Florida Baker Correctional Facility in Sanderson, Florida, which is within the jurisdiction of this District.

## REQUIREMENTS OF 28 U.S.C. § 2243

11.    The Court must grant the petition for writ of habeas corpus or issue an order to show cause ("OSC") to the respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require respondents to file a return "within *three days* unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* (emphasis added).

12.    Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

## PARTIES

13.    Petitioner is a citizen of China. Petitioner is currently detained at immigration detention facility in Sanderson, Fl. He is in the custody, and under the direct control, of Respondents and their agents.

14.    Respondent Warden is the warden of the above-identified immigration detention facility, and he or she has immediate physical custody of Petitioner pursuant to the facility's contract with U.S. Immigration and Customs Enforcement to detain noncitizens and is a legal custodian of Petitioner. Respondent Warden is a legal custodian of Petitioner.

15.    Respondent Garrett J. Ripa is sued in his official capacity as the Director of the ICE Miami Field Office of U.S. Immigration and Customs Enforcement. Respondent Ripa is a legal custodian of Petitioner and has authority to release him.

16.    Respondent KRISTI NOEM is sued in her official capacity as the Secretary of the U.S. Department of Homeland Security ("DHS"). In this capacity, Respondent Noem is responsible for the implementation and enforcement of the Immigration and Nationality Act, and oversees U.S. Immigration and Customs Enforcement, the component agency responsible for Petitioner's detention. Respondent Noem is a legal custodian of Petitioner.

17.    Respondent PAMELA J. BONDI is sued in her official capacity as the Attorney General of the United States and the senior official of the U.S. Department of Justice ("DOJ"). In that capacity, she has the authority to adjudicate removal cases and to oversee the Executive Office for Immigration Review ("EOIR"), which administers the immigration courts and the BIA. Respondent Bondi is a legal custodian of Petitioner.

## STATEMENT OF FACTS

18    As noted above, Petitioner entered Puerto Rico in 2007 and was apprehended by ICE.

19.    Petitioner was held in ICE custody and was released on an Order of Supervision in 2005, as person of Significant Public Benefit""

20.    From May 10, 2009, until 2025, Petitioner complied with all conditions of his OSUP.  He was not accused of any violations of his OSUP.

21.     On June 9, 2025 Petitioner appeared at an ICE's Office in Puerto Rico and he was taken into immigration custody and transported to a local ICE contract detention facility, in San Juan , Puerto Rico, moved to Miami, FL and then to Sanderson, FL where he remains today.

4

## CLAIMS FOR RELIEF

COUNT ONE: VIOLATION OF DUE PROCESS

22.    An alien arriving in the United States must be inspected by an immigration official, 66 Stat. 198, as amended, 8 U.S.C.S. § 1225(A)(3), and, unless he is found clearly and beyond a doubt entitled to be admitted, must generally undergo removal proceedings to determine admissibility, § 1225(b)(2)(a). Meanwhile the alien may be detained, subject to the Secretary of Homeland Security's discretionary authority to parole him into the country. 8 U.S.C.S. § 1182(D)(5); 8 CFR § 212.5 (2004). if, at the conclusion of removal proceedings, the alien is determined to be inadmissible and ordered removed, the law provides that the Secretary of Homeland Security shall remove the alien from the United States within a period of 90 days. 8 U.S.C.S. § 1231(A)(1)(A).

23.    In Zadvydas v. Davis (2001) 533 U.S. 678, 150 L. Ed. 2D 653, 121 S. Ct. 2491, the United States Supreme Court construed 8 U.S.C.S. § 1231(A)(6) to authorize the United States Attorney General (later succeeded for this purpose by the United States Secretary Of Homeland Security) to detain aliens, who had been admitted to the United States but subsequently ordered removed on some specified grounds, after an initial 90-day statutory removal period (in 8 U.S.C.S. § 1231(a)(1)(a)) only for so long as was reasonably necessary to secure the aliens' removal. In Zadvydas, the court further held that the presumptive period during which an alien's detention is reasonably necessary to effectuate removal is six months, and that he must be conditionally released after that time if he can demonstrate that there is "no significant likelihood of removal in the reasonably foreseeable future." 533 U.S., at 701, 150 l. ed. 2d 653, 121 s. ct. 2491.

24.    In Clark V. Suarez Martinez, 543 U.S. 371 (2005) the Supreme Court held that Zadvydas' construction of § 1231(a)(6) applied to the detention of aliens found inadmissible to the United States, such as the case at hand.

5

## COUNT 2: PROCEDURAL DUE PROCESS CHALLENGE

25.    Once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all "persons" within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent. See Plyler v. Doe, 457 U.S. 202, 210, 72 L. Ed. 2d 786, 102 S. Ct. 2382 (1982); Mathews v. Diaz, 426 U.S. 67, 77, 48 L. Ed. 2d 478, 96 S. Ct. 1883 (1976); Kwong Hai Chew v. Colding, 344 U.S. 590, 596-598, 97 L. Ed. 576, 73 S. Ct. 472, and n. 5 (1953); Yick Wo v. Hopkins, 118 U.S. 356, 369, 6 S. Ct. 1064 (1886); cf. Mezei, supra, at 212 ("Aliens who have once passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law").

26.    Indeed, the Supreme Court has held that the Due Process Clause protects an alien subject to a final order of deportation, see Wong Wing v. United States, 163 U.S. 228, 238, 41 L. Ed. 140, 16 S. Ct. 977 (1896).

## ARGUMENT

27.    As previously alleged Mr. Wu has been in civil detention for 5 months, and that his detention is illegal since has been detained for more than the initial 90-day statutory removal period under 8 U.S.C.S. § 1231(a)(1)(a)). Also, Wu has been detained more than the 6 months, more than necessary to secure Wu's removal from the United States. He must be conditionally released, since there is no significant likelihood of removal in the reasonably foreseeable future pursuant to Zadvydas . Davis (2001) 533 U.S. 678, 150 L. Ed. 2D 653, 121 S. Ct. 2491, and Clark V. Suarez Martinez, 543 U.S. 371 (2005)

28.    Accordingly, to vindicate the Petitioner's statutory, constitutional, and regulatory rights, this Court should grant the instant petition for a writ of habeas corpus.

**COUNT THREE: ADMINISTRATIVE PROCEDURE ACT**
**(Violation of 5 U.S.C. § 555(b))**

29.    Petitioner incorporates paragraphs 1 to 34 herein by reference.

30.    Pursuant to the Administrative Procedure Act ("APA"), a person adversely affected by agency action is entitled to judicial review.  *See* 5 U.S.C. § 702.  Agency action includes a failure to act.  *See* 5 U.S.C. § 551(13).

31.    The APA requires agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555(b).

32.    A court may "compel agency action unlawfully withheld or unreasonably delayed." *See* 5 U.S.C. § 706(2)(A).

33.    Under the APA, USCIS has a mandatory, non-discretionary duty to complete the negative credible fear review determination by a U.S. immigration judge within seven (7) days after the negative credible fear finding has been made. *See* 8 U.S.C. §§ 1225(b)(1)(B)(iii)(III) and 8 C.F.R. §1003.42(e).

34.    Petitioner challenges only the Respondents' delay or inaction in completion of this removal.

35.    Respondents' unreasonable and unlawful delays in completing Petitioner's removal  w has caused, are causing, and will continue to cause, the Petitioner ongoing and substantial injuries in the form of mental stress, emotional harm, an inability to travel, prolonged family separation, increased legal costs, and the inability to secure release from immigration detention.

36.    Petitioner asks this Court to order Respondents to schedule and complete the Petitioner's removal within thirty (30) days under the Administrative Procedure Act.

**COUNT FOUR: WRIT OF MANDAMUS**
**(IN THE ALTERNATIVE - Relief under 28 U.S.C. § 1361)**

37.    Petitioner incorporates paragraphs 1 to 52 herein by reference.

38.    Under the Mandamus Act, 28 U.S.C. § 1361, relief may be granted because Respondents owe the Petitioner a non-discretionary statutory duty to remove Petitoner.

39.    Respondents have no discretion as to whether or not to remove Petitoner.

40.    If the Court does not grant relief under Counts One or Two, then the Petitioner will have no remaining remedies available to him under statute or law.

41.    In that circumstance, the Petitioner asks this Court to grant relief to them under 28 U.S.C. § 1361 and issue a writ or writs of mandamus, ordering the Respondents to either remove him or release him.

**PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1)    Assume jurisdiction over this matter;

(2)    Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days.

(3)    Declare that the Respondents' challenged actions violate the Due Process Clause of the Fifth Amendment, 8 U.S.C. § 1225(b), and 8 C.F.R. § 1003.42(e);

(4)    Award him his attorney's fees and costs under the Equal Access to Justice Act, and on any other basis justified under law; and

(5)    Grant him any further relief this Court deems just and proper.

Respectfully submitted,

PALOMARES-STARBUCK & ASSOCIATES
66 W. Flagler Street, 6th floor

8

Miami, Florida 33130
Telephone: (305) 537-9373
E-Service E-mail: palolaw2@gmail.com
Secondary E-mail: palolaw@gmail.com

By: */s/ Lorenzo J. Palomares*
**Lorenzo J. Palomares, Esq.**
Florida Bar No. 100785
 Counsel for Petitioner

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I represent Petitioner, CHONG DA WU, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 17 day of October, 2025.

By: */s/ Lorenzo J. Palomares*
**Lorenzo J. Palomares, Esq.**
Florida Bar No. 100785

**s/Raymond Sanchez Maceira, Esq**
USDC-PR:211405
**Pro hac vice (Pending)**
239 ARTERIAL HOSTOS
CAPITAL CENTER I, SUITE 301
SAN JUAN, PR 00918
TEL. 787-751-2510/(787)721-3370
**sanchezlaw264@gmail.com**

9